Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-1079

Meredyth A. Kippes
for the United States Trustee
meredyth.kippes@usdoj.gov

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **THE BOMB FACTORY DALLAS, LP,** | § | **CASE NO.   22-30841-SWE-11** |
| | § | |
| *Debtor-in-Possession.* | § | |
| | § | |
| | § | |
| | § | |

**United States Trustee's Motion to (1) Dismiss Case under 11 U.S.C. §1112(b)(1); or, in the Alternative (2) Convert Case to a Case under Chapter 7 under 11 U.S.C. §1112(b)(1); or, in the Second Alternative, (3) to Remove the Debtor as Debtor-in-Possession under 11 U.S.C. §1185 and Expand the Subchapter V Trustee's Duties under 11 U.S.C. §1183(b)**

TO THE HONORABLE SCOTT W. EVERETT,
UNITED STATES BANKRUPTCY JUDGE:

The United States Trustee for Region 6 moves to dismiss this case under 11 U.S.C. §1112(b); or, in the alternative, to convert this case to a case under chapter 7 under 11 U.S.C. §1112(b)(1); or, in the second alternative, to remove the debtor as debtor-in-possession under 11 U.S.C. §1185 and expand the Subchapter V Trustee's duties under 11 U.S.C. §1183(b). The United States would show:

### Summary

On May 9, 2022 an involuntary petition was filed against the Bomb Factory Dallas, LP (the "Debtor") commencing this case.  The Debtors general partners filed their *Agreed Order Granting Agreed Motion Entry of an Order Converting Bankruptcy Case to a Case under Chapter 11 of the Bankruptcy Code* on June 21, 2022, electing that the case be treated as a subchapter 5 case. The Order for Relief was entered on June 21, 2022.  The Debtor's principals are at a stalemate regarding confirmation of a plan of reorganization.  Accordingly, the Debtor cannot reorganize within a reasonable period of time.  The Debtor is also delinquent in filing its November 2022 and December 2022 monthly operating reports.  The Court should dismiss this case for unreasonable delay, failure to file operating reports, and failure to prosecute the case in good faith.  In the alternative, the Court should convert this case to a case under chapter 7.  In the second alternative, the Court should remove the debtor as a debtor-in-possession and expand the Subchapter V Trustee's duties.

### Jurisdiction

This Court has subject matter jurisdiction under 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and the standing order of reference in the Northern District of Texas.  A motion to convert or dismiss is a core matter. 28 U.S.C. § 157(b)(2)(A), (O).

### Factual and Procedural History

#### Commencement of the First Case

1.     The Debtor's first chapter 11 case, Case No. 22-30489-SWE-11 (the "First Case"), was initiated by voluntary petition on March 18, 2022 signed by Kenneth W. Carlson as Director of the purported general partner of the Debtor, Westdale Bomb Factory 2021 GP, Inc. (the

"Westdale GP").  The First Case was a Subchapter V case and the Subchapter V Trustee appointed was Behrooz Vida.

2.      Interested parties, Clint Barlow and Whitney Barlow, filed a motion to dismiss the first case on March 30, 2022 and an amended motion to dismiss on March 31, 2022 (the "First Case Motion to Dismiss") asserting that the Westdale GP did not have the authority to initiate the bankruptcy proceeding.

3.      The Court heard the First Case Motion to Dismiss on May 5, 2022 and dismissed the First Case.

**Commencement of the Present Case**

4.      The present case (the "Present Case") was commenced by an involuntary petition filed on May 9, 2022 (Docket Entry No. 1) filed by Capshaw & Associates; Westdale Properties America I, Ltd. ("Westdale LP"); and 2713 Canton Ltd.  Westdale LP is the 70% limited partner of the Debtor controlled by Mr. Carlson.

5.      Mr. and Ms. Barlow moved to dismiss the Present Case on May 9, 2022 (Docket Entry No. 2) asserting that the involuntary petition was not brought by three or more creditors with claims that are not subject to a bona fide dispute and who are not insiders in accordance with section 303 of the Bankruptcy Code.  A hearing on the motion to dismiss was set for June 17, 2022.

6.      Mr. and Ms. Barlow filed an amended motion to dismiss the Present Case on June 16, 2022 (Docket Entry No. 35).

7.      On June 17, 2022, as part of a resolution of the motion to dismiss the Present Case, Westdale GP and BF 2021 GP, LLC ("BF GP"), another purported GP of the Debtor controlled

by Mr. and Ms. Barlow, filed a joint motion (Docket Entry No. 41) to consenting to entry of an order of relief and conversion of the Present Case to a Subchapter V chapter 11 case.

8.      The order for relief (Docket Entry No. 42) was entered on June 21, 2022.

9.      Scott Seidel was appointed the Subchapter V Trustee on June 22, 2022 (Docket Entry No. 44).

10.     Eric A. Liepins filed an application to be employed as Debtor's counsel on July 1, 2022.

**Corporate Governance Dispute**

11.     The Debtor operates or operated an entertainment venue in the Deep Ellum area of Dallas, which has operated under a variety of names including The Bomb Factory, Canton Hall, the Studio at the Factory, and the Factory in Deep Ellum.  The real property that comprises the venue is owned by non-debtor 2713 Canton, Ltd., which is a Westdale-affiliated entity.

12.     The central dispute in this case can essentially be boiled down to corporate governance disputes.  Westdale LP asserts that it ousted the Debtor's general partner in June of 2021 and appointed Westdale GP, an entity controlled by Westdale LP, as the general partner.  Mr. and Mrs. Barlow assert that they ousted Westdale GP in October 2021 and appointed BF GP as the general partner.  *See* Plan, Docket Entry No. 78.

13.     This dispute eventually ended up in litigation before the 162nd Civil District Court in Dallas County as a breach of contract and request for declaratory judgment, *2713 Canton, ltd. v. The Bomb Factory Dallas, LP and The Bomb Factory, LLC v. Westdale Properties America I, et al., v. Clinton Barlow and Whitney Barlow*, Case No. DC-21-04000.

14.     Prepetition, the Debtor obtained a Shuttered Venue Operators Grant ("SVOG") in

the amount of $10 million from the Small Business Administration ("SBA").  The SVOG funds must be spent by the Debtor in accordance with the terms and conditions of the grant or they must be returned to SBA.

15.     The Debtor has not used the $10 million and it remains on deposit in a Debtor account as Well Fargo Bank.

16.     Upon information and belief, Mr. Barlow, Ms. Barlow and BF GP (the "Barlow Parties") propose that the Debtor return a portion of the SVOG proceeds to the SBA and use a portion of it to pay creditors under the Plan (Docket Entry No. 78).

**Assets and Liabilities**

17.     The Debtor has a total of $11,716,491.00 in assets and $11,648,002.16 in liabilities. The Debtor discloses no secured creditors and no priority unsecured creditors on its Amended Schedules D and E/F.  *See* Schedule D, Docket Entry No. 67, and Amended Schedule EF, Docket Entry No. 83.

18.     The vast majority of the Debtor's unsecured debt is the $10 million SVOG.

19.     The vast majority of the Debtor's assets include the $10 million in SVOG proceeds held at Wells Fargo Bank.  Other assets listed on the Debtor's Schedule A/B include another $19,352.00 held at either Wells Fargo Bank or Prosperity Bank; a 100% equity interest in Canton Hall, LLC valued at $0.00; a liquor license valued at $50,000.00; office furniture valued in the amount of $173,500.00; office fixtures of an unknown value; office equipment of an unknown value.  See Schedule A/B, Docket Entry No. 67.

20.     Schedule G discloses a lease under which the Debtor leases certain equipment to 2713 Canton, Ltd., the owner of the venue. See Schedule G, Docket Entry No. 67.  Upon

information and belief, the monthly payment under the lease with 2713 Canton Ltd. is $13,750.00.

Upon further information and belief, 2713 Canton, Ltd. insures and maintains equipment.  Upon

further information and belief, 2713 Canton, Ltd. has a separate lease agreement for use of the

equipment with the new operator of the venue, Deep Ellum Live, which is 99.9% owned by

Westdale LP and 0.1% by Westdale Entertainment LLC.

21.     The Schedules and Statement of Financial Affairs were executed by Mr. Carlson

on behalf of Westdale GP.  The Schedules and Statement of Financial Affairs included the

following reservations of rights by BF GP:


<u>RESERVATION OF RIGHTS OF BF 2021 GP, LLC ("BF 2021")</u>

1. BF 2021 hereby reserves the right to object to any and all claims listed on the attached schedules on any basis, including but not limited to liability, amount, or both.  The signature of Westdale Bomb Factory 2021 GP, Inc. shall not be construed to constitute an agreement by BF 2021 as to such claims.

2. BF 2021 hereby reserves the right to object to the valuations, or completeness of any assets listed on the attached schedules.  The signature of Westdale Bomb Factory 2021 GP, Inc. shall not be construed to finally determine the Debtor's valuation of its assets.

3. BF 2021 further reserves the right to amend the Schedules to include claims of the Debtor against Westdale Bomb Factory 2021 GP, Inc., Westdale Properties America I, Ltd., Westdale Entertainment, LLC, their affiliates, officers, directors, managers, and/or attorneys.  At this time, such claims are unliquidated in amount and liability is disputed. Any omission of such claims by Westdale Bomb Factory 2021 GP, shall not operate as a waiver of such claims.


**<u>Administrative Compliance and Operating Reports</u>**

22.     Kenneth Carlson signed the Obligations of Chapter 11 Cases Acknowledgement of

Receipt on August 11, 2022, on behalf of the Debtor, acknowledging the obligations of a debtor-

in-possession in chapter 11.

23. The proof of insurance on file with the Office of the United States Trustee is current. The Debtor has provided the Office of the United States Trustee with a debtor-in-possession check and with prepetition tax returns.

24. The Debtor is delinquent in filing its November and December 2022 monthly operating reports.

**The Plan Process and Postpetition Operations**

25. On August 4, 2022, the Debtor filed its pre-conference status report (Docket Entry No. 70). The status report noted that the Westdale entities and the Barlow Parties had been embroiled in disputes related to the operation, management, and ownership of the Debtor. As part of the agreement to consent to entry of an order for relief and convert the case to a chapter 11 case under Subchapter V, the Westdale entities and the Barlow Parties agreed to submit a consensual plan by August 1, 2022. As of the filing of the status report, the parties were still working toward a consensual plan. The status report further represented that the parties would move to dismiss the case with prejudice if there was not agreement by August 8, 2022.

26. A small business status conference was held on August 17, 2022. A small business plan of reorganization (the "Plan," Docket Entry No. 78) was filed on September 19, 2022. The Plan was set for confirmation on October 31, 2022.

27. Confirmation was continued to November 29, 2022. The confirmation hearing was commenced on November 29, 2022 and continued to December 22, 2022. The Court order that supplemental confirmation briefs be filed three days before the continued hearing.

28. No supplemental confirmation briefs were timely or untimely filed.

29. The December 22, 2022 hearing was converted to a status conference in which the Debtor represented that the parties would not be going forward with confirmation of the Plan at that time.

30. Upon information and belief, the Plan cannot be confirmed because the Westlake parties and the Barlow Parties are at a stalemate regarding how this case should proceed and resolution of the SBA's SVOG claim.

## Legal Analysis

### I. The Court should dismiss this case.

#### A. General discussion of burdens when dismissal or conversion is sought:

31. Section 1112(b) of the Bankruptcy Code provides that, "[e]xcept as provided in . . . subsection (c) . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause. . . ." 11 U.S.C. § 1112(b)(1). Under § 1112(c), the court cannot convert a case to chapter 7 if the debtor is a non-profit corporation, but the court must still dismiss the case if cause is established. *Id.* § 1112(c).

32. Section 1112(b) places the initial burden of establishing "cause" on the movant. *Id.*; *see also In re Briggs-Cockerham, L.L.C.*, No. 10-34222-BHJ-11, 2010 WL 4866874 at *4 (Bankr. N.D. Tex. Nov. 23, 2010). If cause is established, the burden shifts to the debtor to prove that he or she falls within the § 1112(b)(2) "unusual circumstances" exception to § 1112(b)(1)'s mandatory conversion. 11 U.S.C. § 1112(b)(2).

**B.**     **The Debtor's inability to reorganize and unreasonable delay are cause for conversion or dismissal.**

33.     Section 1188(a) requires that a status conference be held "not later than 60 days after the entry of the order for relief." Under section 1188(b), the Court may extend this deadline "if the need for extension is attributable to circumstances for which the debtor should not justly be held accountable." Section 1189(b) provides that a Subchapter V debtor "shall file a plan not later than 90 days after the order for relief under this chapter." The Court may extend that deadline "if the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable." *Id.*

34.     Although the Debtor has technically met these deadlines, the text of section 1188(b) and 1189(b) reflect that Congress contemplated the time between the filing of a Subchapter V case and confirmation of a Subchapter V plan would be months, not years. "In a subchapter V case, such as this one, a debtor must file a chapter 11 plan within 90 days of filing its case, but there is technically no time limit on *confirming* the plan. But the new subchapter V . . . is very clear in its overall purpose that cases should be pursued with all possible expedition; it is designed such that debtors should be required to be in and out of bankruptcy very promptly." *See In re TNT Quadrangle Partners, LP*, Case No. 20-32006-SGJ-11 (V), Order Dismissing Bankruptcy Case with Prejudice, pp. 3-4, United States Bankruptcy Court for the Northern District of Texas, April 27, 2021.

35.     The Court may dismiss a chapter 11 case for "substantial and continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A).

36.     Analysis of a reasonably likelihood of rehabilitation is case-specific and will address the debtor's viability and rate of progress. *See In re Timbers of Inwood Forest Assoc., Ltd.*, 808 F.2d 363, 371-72 (5th Cir. 1987) (*en banc*), *aff'd sub nom*, *United Savings Assoc. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365 (1988).

37.     The Debtor's principals are at a stalemate and cannot confirm a mutually agreeable plan. The Westdale parties and the Barlow Parties represented that they would reach agreement by early August 2022 or dismiss the case with prejudice. As demonstrated by the representations at the December 22, 2022 status conference, the Westdale parties and the Barlow Parties continue to be at loggerheads regarding the reorganization of this Debtor. The Court should, therefore, dismiss this case for unreasonable delay inability to confirm a case.

**C.  The Debtor's failure to file monthly operating report is cause to dismiss this case.**

38.     The Court may dismiss or convert a case under chapter 11 for "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter." 11 U.S.C. § 1112(b)(4)(F). The Debtor has failed to file its November 2022 and December 2022 monthly operating reports. The Court should, therefore, also dismiss this case for failure to file monthly operating reports.

**D.  The Debtor has failed to prosecute this case in good faith warranting dismissal of this case.**

39.     A lack of good faith in prosecuting a Chapter 11 case may constitute cause for dismissal or conversion of the case under 11 U.S.C. §1112(b)(1). *See In re Humble Place Joint Venture*, 936 F.2d 814 (5th Cir. 1991). The Fifth Circuit observed that the Bankruptcy Code is "endowed with requirements of good faith in the construction of many of its provisions," and

"[e]very bankruptcy statute since 1898 has incorporated literally, or by judicial interpretation, a standard of good faith for the commencement, prosecution, and confirmation of bankruptcy proceedings." *In re Little Creek Dev. Co*., 779 F.2d 1068, 1071-72 (5th Cir. 1986).

40.    In addition to the delay set forth above, the Debtor's general partners have not pursued a path toward a confirmable plan.  The Debtor's principals represented to this Court in August of 2022 that a mutually agreeable plan is forthcoming and, if one were not filed, they would voluntarily dismiss this case with prejudice to refiling.  Rather than do that, the Debtor's principals have allowed the case to languish as they continue to bicker about the future of the case.

**II.    In the alternative, the Court should convert this case to a case under chapter 7.**

41.    In the alternative, if the Court finds that dismissal of the case is not in the best interest of creditors, the Court should convert this case to a case under chapter 7 to allow the chapter 7 trustee to administer asset and resolve claims.  Too, a chapter 7 trustee would be able to address with the SBA whether and to what extent claims in the bankruptcy case may be paid from the $10 million grant from the SBA.

**III.    In the second alternative, the Court should remove the debtor as debtor-in-possession and expand the duties of the Subchapter V Trustee.**

42.    If the Court determines that conversion of dismissal of this case is inappropriate, the Court should remove the Debtor as debtor-in-possession and expand the Subchapter V Trustee's duties.  The Debtor's principal's stalemate makes it impossible for the Debtor to proceed under Subchapter V and warrants removal of the Debtor as debtor-in-possession and the expansion of the Subchapter V Trustee's duties.

A.     **The Court should remove the debtor as debtor-in-possession.**

43.     The Code provides that:

> On request of a party in interest, and after notice and a hearing, the court shall order that the debtor shall not be a debtor in possession for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor, *either before or after the date of commencement of the case*, or for failure to perform the obligations of the debtor under a plan confirmed under this subchapter.

11 U.S.C. §1185(a) (emphasis added).

44.     "The statutory use of the word 'including,' of course, is 'not limiting.' *** [A] manifest demonstration that management is unable to conduct itself as an appropriate fiduciary for the bankruptcy estate is also 'cause' to dispossess the debtor under [section] 1185. Section 1184 makes plain that a debtor in possession in a subchapter V case is required to "perform [the] function and duties ... of a trustee serving in a case under this chapter." *In re Comedy MX, LLC*, 2022 WL 17742295, *5 (Bankr. D. Del. 2022). A subchapter V debtor's duties includes "managing the debtor's business as a fiduciary to the estate and its stakeholders." *Id.*

45.     Cause exists to remove the Debtor as debtor-in-possession in this case because the Debtor's insiders are at a stalemate such that the case cannot move forward and cannot confirm a plan. Moreover, the Debtor's principals' stalemate makes it impossible for the Debtor to meet its fiduciary duties to the estate and the Debtor's creditors.

B.     **The Court should expand the Subchapter V Trustee's duties.**

46.     In the event the Court determines to remove the Debtor as debtor-in-possession, the Court should expand the Subchapter V Trustee's duties.

47.     The duties of a Subchapter V Trustee are described in 11 U.S.C. § 1183(b).

48. Section 1183(b)(5) allows for expansion of a Subchapter V Trustee's duties in the event the debtor ceases to be a debtor in possession. Section 1183(b)(5) provides as follows:

> *(5)    if the debtor ceases to be a debtor in possession—*
>
> *(A)    perform the duties specified in section 704(a)(8) and paragraphs (1), (2), and (6) of section 1106(a) of this title; and*
>
> *(B)    be authorized to operate the business of the debtor.*

49. In the event the Court finds that cause exists to remove the Debtor as debtor-in-possession, cause also exists to expand the Subchapter V Trustee's duties. The Debtor's insiders are at a stalemate such that the case cannot move forward and cannot confirm a plan. Moreover, the Debtor's principals' stalemate makes it impossible for the Debtor to meet its fiduciary duties to the estate and the Debtor's creditors. Although, the Subchapter V Trustee cannot propose a plan (*see* 11 U.S.C. § 1189(a)), the Subchapter V Trustee can perform many other valuable duties on behalf of the estate including "perform the duties of the trustee, as specified in paragraphs (2), (5), (7), (8), (9), (10), (11), and (12) of section 704(a)." See 11 U.S.C. § 1185 and 1106(a)(1).

50. Accordingly, if the Court finds that cause does not exist to convert or dismiss this case under section 1112(b), the Court should remove the Debtor as debtor-in-possession in accordance with section 1185 and expand the Subchapter V Trustee's duties in accordance with section 1183(b).

## Conclusion

For these reasons, the United States Trustee respectfully requests that the Court enter an

order (a) converting this case to a case under chapter 7; or in the alternative, (b) dismissing this case; or in the second alternative (c) removing the Debtor as debtor-in-possession and expanding the Subchapter V Trustee's duties; and (d) granting such other and further relief to which he may be entitled.

Dated: February 2, 2023.                               Respectfully Submitted,

                                                        WILLIAM T. NEARY
                                                        UNITED STATES TRUSTEE

                                                        */s/ Meredyth A. Kippes*
                                                        Meredyth A. Kippes
                                                        Trial Attorney
                                                        Texas State Bar No. 24007882
                                                        Office of the United States Trustee
                                                        1100 Commerce St.  Room 976
                                                        Dallas, Texas  75242
                                                        meredyth.kippes@usdoj.gov
                                                        (214) 767-1079


## Certificate of Conference

Under Local Bankruptcy Rule 9013.1 and Local District Rule 7.1, no conference is required for this motion.

                                                        */s/ Meredyth A. Kippes*
                                                        Meredyth A. Kippes

**Certificate of Service**

       I certify that I sent copies of this motion on February 2, 2023 via ECF to those parties requesting ECF notice and to the parties listed via email at the email addresses listed below.

             */s/ Meredyth A. Kippes*
             Meredyth A. Kippes

Eric A. Liepins
Eric A. Liepins, P.C.
12770 Coit Road, Suite 850
Dallas, Texas 75251
eric@ealpc.com

Gerrit M. Pronske
Spencer Fane
5700 Granite Parkway, Suite 650
Plano, Texas 75024
gpronske@spencerfane.com

Howard Marc Spector
SPECTOR & COX, PLLC
12770 Coit Road, Suite 850
Dallas, Texas 75251
hspector@spectorcox.com

Scott M. Seidel
Subchapter V. Trustee
Seidel Law Firm
6505 W. Park Blvd, Suite 306
Plano, Texas 75093
scott@scottseidel.com

Sherrel K. Knighten
LINEBARGER GOGGAN BLAIR &
SAMPSON, LLP
2777 N. Stemmons Freeway Suite 1000
DALLAS, TX 75207
dallas.bankruptcy@lgbs.com

Ryan E. Chapple
Kyle T. Farrar
CAIN & SKARNULIS PLLC
303 Colorado Street, Suite 2850
Austin, Texas 78701
rchapple@cstrial.com
kfarrar@cstrial.com

Donna K. Webb
Office of the United States Attorney
1100 Commerce St Ste 300
Dallas, TX 75242-1074
donna.webb@usdoj.gov