Scott Griffith
State Bar No. 08482150
Jason L. Cagle
State Bar No. 24027540
Joshua Michaels
State Bar No. 24106305
GRIFFITH DAVISON, P.C.
13737 Noel Road, Suite 1200
Dallas, Texas 75240
(972) 392-8900 - Telephone
(972) 392-8901 - Facsimile
Email: sgriffith@griffithdavison.com
Email: jcagle@griffithdavison.com
Email: jmichaels@griffithdavison.com

Counsel For Westdale Properties America I, Ltd.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 22-30841-7-swe-7 |
| THE BOMB FACTORY DALLAS, LP § | Chapter 7 |
| § | |
| DEBTOR. § | |
| § | |

## WESTDALE PROPERTIES AMERICA I, LTD.'S OBJECTION
## TO CLINTEN BARLOW'S PROOF OF CLAIM

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT: EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, ROOM 1254, DALLAS, TX 75242-1496, BEFORE CLOSE OF BUSINESS ON JULY 29, 2024, WHICH IS AT LEAST 30 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

Westdale Properties America I, Ltd ("Westdale) objects to the proof of claim filed in this case by Clinten ("Clint") Barlow and would respectfully show as follows:

1. On May 9, 2023, this case was commenced with the filing of an involuntary bankruptcy petition (the "Bankruptcy Petition") [Doc.1] against the Bomb Factory Dallas, LP (the "Debtor"). An Order for Relief was entered by this Court under Chapter 7 of the Bankruptcy Code on June 21, 2022 [Doc. 42].

2. Clint Barlow filed a proof of claim [Claim No. 18] in the amount of $275,686.78 for purportedly unpaid salary payments from August 30, 2020 to July 8, 2022.

3. Westdale objects to this claim for the following reasons:

4. **The claim is not *prima facie* valid**. Ordinarily, a proof of claim filed in accordance with the Federal Rules of Bankruptcy Procedure will constitute *prima facie* evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). If the claimant is an insider, however, he should include non-self-serving documentation to support the salary claim, such as a written employment contract or evidence of some company action authorizing the payment of the salary. *In re All-American Auxiliary Asso.*, 95 B.R. 540, 544 (Bankr. S.D. Ohio 1989). The insider must also satisfy his burden to demonstrate the inherent fairness and good faith of the amount claimed. *Id*.

5. Mr. Barlow is a limited partner of the Debtor, and therefore an insider. 11 U.S.C. §§ 101(31)(C), (F). He is seeking payment of a salary during a period when the Debtor's venues were closed, and it generated no revenue.[1] As discussed below, he is not believed to have performed any services for the period claimed. Mr. Barlow has offered no non-self-serving documentation whatsoever to show that Debtor authorized payment of the claimed salary or that the amounts he claims are inherently fair to the Debtor and made in good faith.

---

[1] Appendix to Motion for Sanctions [Doc. 239-2] at Appx 168-69 (Ex. Tr. at 95:6-8 and 96:3-7).

6. **The claim is fraudulent**. The Trustee recently brought an adversary proceeding against the Barlows and the general partner, The Bomb Factory, LLC, based on allegations of, among other claims, conversion, theft, embezzlement, and breach of fiduciary duties. For the reasons laid out there, which Westdale incorporates herein, Mr. Barlow is not entitled to the presumption of allowance under §502 of the Bankruptcy Code, and the claim should be disallowed under §502(d).

7. **The claim is disproportionate to Debtor's revenue**. Mr. Barlow submits a claim for unpaid salary payments of $5,759.23 per pay period, or every two weeks, beginning from the pay period of August 30, 2020 to July 3, 2022. During this same period, however, Debtor's venues were closed and Debtor generated no revenue.[2] Upon information and belief, Mr. Barlow did not have any responsibilities and performed no work during this time. Thus, a claim for unpaid salary payments of $275,686.78 would be unreasonable based on the actual services provided (which were zero) and because such a claim is grossly disproportionate to Debtor's revenue during this same period.

8. **The claim is inflated.** Related to the objection above, Mr. Barlow claimed the same salary payment he previously earned; however, the value of the services provided after the COVID-related shutdown, when the venue was closed and the business, management, and administrative services no longer necessary, does not match the value of the services provided pre-COVID, when Debtor was an active and operating business and Mr. Barlow a semi-active managing member of the business. Thus, the claim far exceeds the reasonable value of the services purportedly provided and is not justified under the circumstances, especially given Mr. Barlow's status as an insider.

9. **The claim is made despite no provision of services**. As stated above, Mr. Barlow is not believed to have provided any services or performed any work from August 2020 to July 2022. The venue was not booking live musical acts or hosting live events during the period at issue. Further,

---

[2] Appendix to Motion for Sanctions [Doc. 239-2] at Appx 168-69 (Ex. Tr. at 95:6-8 and 96:3-7).

as Whitney Barlow testified, Clint Barlow conspired and participated in the embezzlement of insurance refund payments belonging to Debtor, and therefore, his claim should be disallowed.

10. WHEREFORE, Westdale respectfully requests the Court (1) sustain Westdale's objection to Clint Barlow's proof of claim; (2) disallow the claim as a legally unenforceable debt; and (3) grant any other such relief as the Court determines just and proper, including attorneys' fees for bringing this objection.

Dated: June 28, 2024.

Respectfully submitted,

*/s/ Scott Griffith*
Scott Griffith
State Bar No. 08482150
sgriffith@griffithdavison.com
Jason L. Cagle
State Bar No. 24027540
jcagle@griffithdavison.com
Joshua V. Michaels
State Bar No. 24106305
jmichaels@griffithdavison.com

**GRIFFITH DAVISON, P.C.**
13737 Noel Road, Suite 1200
Dallas, Texas 75240
972-392-8900 - Telephone
972-392-8901 - Facsimile

**COUNSEL FOR WESTDALE PROPERTIES AMERICA I, LTD.**

## CERTIFICATE OF SERVICE

I certify that on June 28, 2024, a true and correct copy of the foregoing Objection was served via the Court's CM/ECF electronic notification system on all parties accepting electronic service in this case. Additionally, the following parties and counsel of record were served via electronic mail:

Melanie Kemp Okon
GUM, PUCKETT, MACKECHNIE, COFFIN & MATULA, LLP
The Hightower Building
105 North Hudson Avenue, Suite 900
Oklahoma City, Oklahoma 73102
mkemp@gpmlegal.net

-and-

Christopher Stobaugh
STOBAUGH LAW, PLLC
14860 Montfort Dr.,
Suite 104 LB 12
Dallas, Texas 75254
chris@stobaughlaw.com

**COUNSEL FOR CLINT AND WHITNEY BARLOW,
AND THE BOMB FACTORY, LLC**

Scott M. Seidel
SBT 17999450
SEIDEL LAW FIRM
6505 W. Park Blvd., Suite 306
Plano, Texas 75093
scott@scottseidel.com
Telephone: (214) 234-2500

**CHAPTER 7 TRUSTEE**

Davor Rukavina
Texas Bar No. 24030781
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
drukavina@munsch.com

**GENERAL COUNSEL FOR**
**CHAPTER 7 TRUSTEE**

*/s/ Scott Griffith*
Scott Griffith